POPE & TALBOT, a corporation, *et als.,* owners of the schooner Mary E. Foster, *vs.* THE PACIFIC and THE FEARLESS.

## May 17, 1907.

*Act of navigation—Signalling by a dredger in a fixed position:* A dredger at work in a fixed position in a ship channel, signals, in answer to the inquiring signal of an approaching tug with its tow, that a certain side of the channel is open for her to pass, the tug attempts the passage and its tow is stranded. *Held,* that such signalling by the dredger was not an act of navigation that rendered it liable to attachment.

*Admiralty jurisdiction—Damage received by a ship in charge of a tug:* *Held,* under the circumstances set forth above, followed by a second stranding of the tow while in charge of the tug, that an action lies in admiralty against such tug.

*Liability of tug for injury to its tow under signal to proceed:* Under the first mentioned circumstances, a tug is not relieved of responsibility because of a signal favorable to her proceeding through the passage indicated.

*Liability for secondary consequences of a negligent act—Interruption:* Liability for secondary consequences of a negligent act is relieved by the interposition of a second negligent act or overpowering force.

*An act of necessity justifiable:* A necessary act is not a negligent act unless it is negligently done.

*General allegation of negligence—Emergency:* A mere general allegation of negligence insufficient where a necessary act is attempted and fails under conditions likely to cause failure, even though proper care and skill is exercised.

*In Admiralty:* Exceptions to libel.

*Kinney, McClanahan & Derby,* Proctors for Libelants.
*E. M. Watson,* Proctor for Libellee, Pacific.
*Holmes & Stanley* and *R. W. Breckons,* Proctors for Libellee, Fearless.

DOLE, J.    The case is brought in relation to an injury alleged to have occurred to the schooner Mary E. Foster, owned by the libelants, she being about to go to sea in the tow of the tug Fearless.    The libellee Pacific was at the time dredging the channel of the Honolulu harbor.    The tug Fearless, on starting to take the Mary E. Foster out to sea, signalled by whistle to the dredger as to which side of the dredger she should take, the dredger replied with a reply signal that she should take the Ewa side of the channel.    The tow, upon passing between the dredger and the Ewa side of the channel, grounded, and after some ineffectual attempts to pull her off she floated off at the next high tide, whereupon the Fearless made an effort to tow her back into the harbor by attaching a line to her stern and towing her stern first.    Under these circumstances the schooner, under the tow of the Fearless, ran into the reef on the Waikiki side of the channel and was more or less injured by the two strandings.    The libelants brought this action against both of the libellees but upon different grounds.    The allegation against the Pacific is that she was grossly negligent in giving the signal referred to for the tow to pass on the Ewa side of the channel, which act of negligence is alleged to be one of the proximate cause of the stranding of the said schooner.    The act of the Fearless in proceeding with her tow in response to the signal mentioned is alleged to be an act of gross negligence owing to the narrowness of the space available for said passage; and the second grounding of the

schooner is charged to be due in part to the negligent towing of such schooner by the Fearless and in part as an indirect consequence of the negligence which led to her first stranding.

Both libellees excepted to the libel, the following being the grounds of exception by the claimants of the Fearless and which closely correspond to the exceptions of the claimants of the Pacific:

*"First.*  Because the allegations thereof do not disclose any admiralty or maritime claim or lien upon the said Fearless, whereupon an attachment should be founded.

*"Second.*  Because the allegations in the said amended libel do not constitute a cause of action *in rem,* or at all, against the said Fearless.

*"Third.*  Because there is in said amended libel, if the same states any cause of action against the said Fearless, a misjoinder of causes of action, in that two separate and distinct torts are complained of.

*"Fourth.*  Because it does not appear in and by said amended libel, in what the negligence charged therein against the said Fearless consists, nor are any facts constituting negligence set forth therein.

*"Fifth.*  Because the damage complained to have been suffered by the libelants is alleged in Article 9 of said amended libel to be composed in part of a legal liability for breach of contract, such damage not being recoverable in these proceedings.

*"Sixth.*  Because the damages to the amount of fifteen thousand dollars ($15,000.00) claimed in and by the said amended libel, are stated so indefinitely that the allegation thereof can not be answered unto; and

*"Seventh.*  That there is a misjoinder of parties libellee."

The only allegation of negligence against the Pacific is her reply signal to the Fearless alleged to signify that she with her tow should proceed out on the Ewa side of the channel and that said side of the channel was clear for passage and that it would be safe for the said Fearless and her tow to proceed on that

side, whereas, the channel on that side was not wide enough to permit the Fearless and her tow to pass safely, charging that said signal by the Pacific was an act of gross and culpable negligence and one of the proximate causes of the groundings of the said schooner.

Under the first two grounds of exception, I find that this act of the Pacific does not render her liable to attachment, such act not being in any sense an act of navigation or having anything to do with the maneuvers or work of such dredger. *Currie v. McKnight,* H. L. App. Cas. (1897) 97; *The Ida,* 1 Lush. (Adm. Rep.) 6, 9; *Inland & Seaboard Coasting Co. v. Commodore,* 40 Fed. Rep. 258.

In New York harbor the rules require that the signal of one steamer approaching another, signifying on which side it proposes to pass the other, shall be answered by a signal signifying acquiescence or otherwise, and that the answering steamer shall, if moving, keep on her course. *Held,* in such a case where the first steamer collided with the answering steamer in passing her as arranged by signal, whereby the tow of the first steamer is damaged,—that the answering steamer was not liable. *The G. L. Garlick,* 20 Fed. Rep. 647; *The W. H. Payne,* Id. 650, 652-653.

Moreover, there is no allegation of facts showing a legal duty on the part of the Pacific to answer such signals.

This finding, in removing the Pacific from the case, disposes of the grounds of exception for misjoinder and multifariousness. In case, however, that there is room for argument that the fact of the allegation of two distinct causes of action against the Fearless, to wit, the two strandings, supports this exception, I find that the two torts charged being similar, the exception is not sustained. *Brown v. Guarantee Trust Co.,* 128 U. S. 403, 412.

Under the first two grounds of exception, I find a cause of action set out in the libel against the Fearless. She had the schooner in tow when both strandings took place. *The Industrie,* L. R. 3 A. & E. 303, 307 (1871).

As to the fourth ground of exception,—the question of negligence, the signal of the dredger to take the Ewa side of the passage did not relieve the Fearless of responsibility in going there. She was engaged in the business of towing vessels in and out of the harbor of Honolulu; and consequently was acquainted with the channel in all weathers and tides, and should have known whether or not the Ewa side of the channel between the dredger and the reef was safe for her tow. For her, therefore, to have assumed the risk of attempting such passage, which is alleged to have been unsafe owing to insufficient width, was a fault which makes her liable for the consequences. *The Margaret,* 94 U. S. 494, 497; *The Lady Pike,* 88 Id. 1; *Hughes on Admiralty,* sec. 60.

The further allegation of negligence against the Fearless is somewhat complicated. It is, briefly, that the second stranding of the schooner was due in part to negligent towing by the Fearless, and in part to both the negligence of the Pacific and the Fearless by which she was left in such a position when she floated off from her first stranding that she had to be towed stern first back into the harbor under conditions that made the operation difficult and unsafe and likely to result in a grounding again, as was the case.

The Pacific is out of the case. As to the Fearless, the allegation of the second stranding as having taken place partially as a result of the first stranding and of the negligence which led to it, is untenable because of the interposition of the second towing operation of the Fearless, which interfered with the natural consequences of the negligence that led to the first stranding. If the schooner had been left alone after floating off from her first stranded position and had run aground again under the influence of wind and tide, such grounding might be regarded as a part of the consequences of the first negligence. " He who is responsible for a negligent act must answer 'for all the injurious results which flow therefrom, by ordinary natural sequence, without the interposition of any other negligent act or overpowering force'." 1 *Sutherland on Damages,* 3rd ed., sec. 16, p. 31; *Stevens v. Dudley,* 56 Vt. 158, 166.

The second towing was an act by itself and if negligently done and thereby leading to the damage by the schooner, the Fearless is liable. The libel alleges the second stranding to be due partly to the negligence of the Fearless and partly to the position of the schooner when she floated off from the first stranding which required her to be towed stern first into the harbor under conditions which made the operation dangerous and difficult and likely to result in the grounding of the schooner even though proper care and skill had been exercised in the conduct thereof. Although this allegation tends somewhat to excuse the Fearless in relation to the second stranding, yet it does not fully do so but distinctly charges the accident, partly, to her negligent towing. The exception states that it does not appear in what the negligence charged consists and that no facts constituting negligence are shown. I consider the allegation that the Fearless attempted to tow the schooner stern first back into the harbor under conditions which made the operation difficult and unsafe and likely to result in her stranding again, is saved from being an allegation of an act of negligence by the accompanying allegation that such operation was necessary; for, if it were necessary, it was obviously the most reasonable thing to do. Yet it is charged that this towing was done negligently without any statement of what such negligence consisted. In view of the allegation that the movement was likely to result in the stranding of the schooner "even though proper care and skill were exercised," I must consider this showing of negligence in the second towing to be insufficient and allow the fourth exception as relating to the alleged second stranding.

The sixth ground of exception is overruled, the damages averred being such as would naturally result from the alleged accidents.

The fifth ground of exception is withdrawn, and for the reasons set forth the first two and the fourth are allowed as to the Pacific and overruled as to the Fearless; this removes the reasons for the third and seventh.